UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.,<br><br>                      Plaintiff,<br>v.<br>DOE - 68.7.69.57,<br><br>                      Defendant. | Case No.: 16-cv-02353-DMS-MDD<br><br>**ORDER DENYING MOTION FOR EARLY DISCOVERY**<br><br>**[ECF NO. 4]** |

Before the Court is Plaintiff's *Ex Parte* Motion to Expedite Discovery filed on September 23, 2016.  (ECF No. 4).  No Defendant has been named or served.  For the reasons discussed below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## I.  PROCEDURAL HISTORY

On September 19, 2016, Plaintiff filed a Complaint against Doe, allegedly a subscriber of Cox Communications assigned IP address 68.7.69.57 ("Defendant").  (ECF No. 1).  Plaintiff alleges a single cause of action for direct copyright infringement.  Plaintiff asserts that it is the registered copyright holder of the motion picture *Criminal.* (*Id.* ¶ 7).

1 Plaintiff contends Defendant used the BitTorrent file distribution network
2 to copy and distribute Plaintiff's copyrighted work through the Internet
3 without Plaintiff's permission.  (*Id.* ¶¶ 13, 18).
4    Plaintiff seeks leave to conduct early discovery to learn the identity of
5 the subscriber of the subject Internet Protocol ("IP") address from the
6 Internet Service Provider ("ISP") who leased that IP address to its
7 subscriber during the relevant period.  Specifically, Plaintiff seeks an order
8 permitting it to serve a third party subpoena, pursuant to Fed. R. Civ. P. 45,
9 on Cox Communications requiring the ISP to supply the name and address
10 of its subscriber to Plaintiff.

## II. LEGAL STANDARDS

12    Formal discovery generally is not permitted without a court order
13 before the parties have conferred pursuant to Federal Rule of Civil
14 Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts
15 have made exceptions, permitting limited discovery to ensue after filing of
16 the complaint to permit the plaintiff to learn the identifying facts necessary
17 to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*,
18 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d
19 637, 642 (9th Cir. 1980)).  Requests for early or expedited discovery are
20 granted upon a showing by the moving party of good cause.  *See Semitool,*
21 *Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)
22 (applying "the conventional standard of good cause in evaluating Plaintiff's
23 request for expedited discovery").
24    "The Ninth Circuit has held that when the defendants' identities are
25 unknown at the time the complaint is filed, courts may grant plaintiffs
26 leave to take early discovery to determine the defendants' identities 'unless

it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

*//*

## III. ANALYSIS

### A. <u>Identification of Missing Party with Sufficient Specificity</u>

First, Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

With the Complaint and with the instant Motion, Plaintiff filed a chart reflecting that the user of the subject IP address engaged in allegedly infringing activity from 05/19/2016 through 05/27/2016; identified the ISP as Cox Communications; and located the IP address in San Diego, California, within the Southern District of California. (ECF Nos. 1-3; 4-2). Plaintiff also submitted the Declaration of its counsel, James S. Davis, in support of this Motion. (ECF No. 4-3). Mr. Davis states, under penalty of perjury, that the subject IP address belongs to Cox Communications and that he employed certain geolocation technology to locate the subject IP address within the Southern District of California. (*Id.*).

Plaintiff does not state, however, when the geolocation effort was performed. It is most likely that the subscriber is a residential user and the

1  IP address assigned by the ISP is "dynamic."[1]  Consequently, it matters
2  when the geolocation was performed.  In the context of dynamic IP
3  addresses, "a person using [an IP] address one month may not have been
4  the same person using it the next." *State of Connecticut v. Shields,* No.
5  CR06352303, 2007 WL 1828875 *6 (Conn. Sup. Ct. June 7, 2007).  If
6  performed in temporal proximity to the offending downloads, the
7  geolocation may be probative of the physical location of the subscriber.  If
8  not, less so, potentially to the point of irrelevance.  Here, Plaintiff does not
9  provide the date that geolocation was performed, stating only that it was
10  performed "prior to the filing of this action." (ECF No. 4-3, ¶ 5).  This is not
11  good enough.  As much as four months may have passed between the
12  alleged infringement and the geolocation.  Plaintiff must provide the date
13  that geolocation occurred and, if performed closer to the filing date, must
14  provide further support and argument regarding the probative value of the
15  geolocation.
16  //
17  //
18  //
19  //
20  //

---

[1] "Static IP addresses are addresses which remain set for a specific user. . . . Dynamic IP addresses are randomly assigned to internet users and change frequently. . . .  Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Call of the Wild Movie, LLC v. Does,* 770 F. Supp. 2d 332, 356-57 (D. D.C. 2011)(citations omitted).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Expedited Discovery is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated:   September 26, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge