1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9       SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., | Case No.:  16-cv-02353-DMS-MDD |
| Plaintiff, | |
| v. | **ORDER DENYING SECOND MOTION TO EXPEDITE DISCOVERY** |
| DOE - 68.7.69.57, | |
| Defendant. | **[ECF NO. 6]** |

On September 23, 2016, Plaintiff filed its initial *Ex Parte* Motion to Expedite Discovery.  (ECF No. 4).  The Court denied without prejudice the initial motion on September 26, 2016, because Plaintiff failed to state when it conducted the geolocation search to determine that the subscriber of the subject Internet Protocol ("IP") address likely was subject to the personal jurisdiction of this Court.  (ECF No. 5 at 4-5).  The Court explained:

> In the context of dynamic IP addresses, "a person using [an IP] address one month may not have been the same person using it the next." *State of Connecticut v. Shields,* No. CR06352303, 2007 WL 1828875 *6 (Conn. Sup. Ct. June 7, 2007).  If performed in temporal proximity to the offending downloads, the geolocation may be probative of the physical

location of the subscriber.  If not, less so, potentially to the point of irrelevance.  Here, Plaintiff does not provide the date that geolocation was performed, stating only that it was performed "prior to the filing of this action."  (ECF No. 4-3, ¶ 5).  This is not good enough.  As much as four months may have passed between the alleged infringement and the geolocation.  Plaintiff must provide the date that geolocation occurred and, if performed closer to the filing date, must provide further support and argument regarding the probative value of the geolocation.

(*Id.*)

On September 29, 2016, Plaintiff filed the instant second *Ex Parte* Motion to Expedite Discovery.  (ECF No. 6).  The instant motion is identical to the initial motion except that Plaintiff submitted as an Exhibit the Declaration and Expert Report of Dr. Simone Richter regarding the operation of the Maverickeye system used by Plaintiff to identify the IP address and Internet Service Provider ("ISP") which leased the IP address to the subscriber involved in the allegedly illegal activities.  (ECF No. 6-3).  Although Plaintiff says in its Memorandum of Law in support of this Motion that "Maverick . . . documents the . . . general location of the infringing activity . . . ," this statement is not supported by counsel's Declaration.  (ECF No. 6-1 at 5; ECF No. 6-4).  Plaintiff also has not specified where, in Dr. Richter's 27 page expert report, the Court could find the answer to the question of when a geolocation search was performed.

Plaintiff having provided no guidance, the Court reviewed the report.  Dr. Richter presents an extract of the Maverickeye database entries.  (ECF No. 6-3 ¶ 9.14).  Several entries at the top of page 12 state that information is recorded regarding the city, country, postal code and other information regarding the "ISP."  (*Id.*)  Geographically locating the ISP is not the same thing as locating the IP address.  If the term "ISP" in the Maverickeye

database means that Maverickeye, in addition to identifying the ISP, roughly geolocated the subject IP address, Plaintiff or Dr. Richter should have said so.

Instead, the Court is left with what it had before, the Declaration of James S. Davis, Plaintiff's counsel, who states that he personally "confirmed" and traced the subject Internet Protocol address to San Diego County by using certain websites at some date prior to filing the instant Complaint. Davis Declaration ¶ 9. (ECF No. 6-4 ¶ 9). The Court is unwilling to make the leap that by using the word "confirmed" Mr. Davis is saying that the term "ISP" in the Maverickeye database means IP address. The general location of the IP address provided in the chart submitted as Exhibit 1 (ECF N0. 6-2) to the instant motion does not identify whether that information came from Maverickeye or from Mr. Davis' searches. Taking Dr. Richter at his word, Maverickeye provided location information only about the ISP.

Inasmuch as the Court remains without evidence regarding the date of the geolocation, the instant motion again is **DENIED.**

**IT IS SO ORDERED.**

Dated:   October 3, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge

16-cv-02353-DMS-MDD